IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USA VIDEO TECHNOLOGY CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>MOVIELINK, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-368-KAJ<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

### I.   INTRODUCTION

Plaintiff, USA Video Technology Corporation ("USVO"), brought this patent infringement suit against defendant, Movielink, LLC ("Movielink"). In an opinion dated January 28, 2005, I granted Movielink's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 5,130,792 (issued July 14, 1992) (the "'792 patent"). *USA Video Tech. Corp. v. Movielink LLC*, 354 F. Supp. 2d 507 (D. Del. 2005). Presently before me is Movielink's Motion for Partial Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 (Docket Item ["D.I."] 174; the "Motion"). For the following reasons, the Motion is denied.

### II.   BACKGROUND[1]

"The '792 patent discloses a variant of what is commonly known as 'video-on-demand' technology. More specifically, it discloses a system and method for

---

[1]A detailed description of the technology disclosed in the '792 patent was set forth in the summary judgment opinion. *USA Video*, 354 F. Supp. 2d at 509-11.

transferring a video program for display at a remote location." *USA Video*, 354 F. Supp. 2d at 509; *see* '792 patent, col. 1, lines 7-9.

USVO filed the complaint in this matter on April 10, 2003, alleging that Movielink infringed the '792 patent by direct literal infringement, by inducing infringement, by contributing to infringement, and by infringement under the doctrine of equivalents. (D.I. 1 at ¶ 20.) At that time, "Movielink was utilizing the Big-Foot network originally launched in November 2002" to operate its internet-based movie download system. (D.I. 142 at 14.) In 2004, Movielink retired the Big-Foot network system and replaced it with the Multi-CDN system, and USVO withdrew its claims against the Big-Foot system. *USA Video*, 354 F. Supp. 2d at 515 n.6. USVO continued to assert that Movielink's Multi-CDN system infringed the '792 patent.

In the summary judgment opinion, I addressed the issues of claim construction and direct infringement by the Multi-CDN system.[2] *USA Video*, 354 F. Supp. 2d at 513-523. Claim 1 of the '792 patent includes the following limitation: "wherein said distribution interface **initiates connections** over the telephone network with remote locations in response to requests received by said request interface." '792 patent, col. 7, lines 52-56 (emphasis added). After construing "initiates" to mean "begins," I concluded that the Multi-CDN system did not literally infringe claim 1 because connections were initiated by the user computer rather than by a distribution interface as required by the claim. *USA Video*, 354 F. Supp. 2d at 514-20. Furthermore, USVO

---

[2]In its opposition to Movielink's summary judgment motion, USVO "admitted that indirect infringement was not at issue." *USA Video*, 354 F. Supp. 2d at 523.

added this limitation during patent prosecution and failed to rebut[3] the presumption that it had "surrendered all territory between the original claim limitation and the amended claim limitation." *Id.* at 521-22 (quoting *Festo Corp. V. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1367 (Fed. Cir. 2003)).  Therefore, USVO was estopped from asserting infringement under the doctrine of equivalents. *Id.* at 522. Based on these conclusions, I granted Movielink's Motion for Summary Judgment of Noninfringement. *Id.* at 523.

Movielink now asserts that the claims against the Big-Foot system and the claims of infringement under the doctrine of equivalents were frivolous, justifying an award of attorneys' fees and costs. Movielink presents the following facts to support that assertion. First, in response to Movielink's interrogatory dated February 10, 2004 that asked for an element by element explanation of how Movielink's system infringed the '792 patent, USVO described the Movielink system but failed to specifically identify how that system met the "initiates connections" limitation discussed above. (D.I. 139, Ex. AA at 7.) The response recited the '792 claim language and then stated: "As presently advised, Movielink's system delivers videos to customers connected to Movielink through a switched telephone network. The Movielink system transmits the movies in compressed form in less time than is required to view the programs in real time." (*Id.*)

Second, during the depositions of USVO's president, USVO's in-house counsel, and an attorney who was USVO's lawyer when the complaint was filed, each of the

---

[3] Rather than squarely addressing the issue, USVO argued that infringement under the doctrine of equivalents was "not ripe for determination." *USA Video*, 354 F. Supp. 2d at 522. Because the issue "was pled by USVO" and "appropriately briefed and argued by Movielink," I disagreed. *Id.*

witnesses asserted the attorney-client privilege and work product protection in response to questions about the pre-filing investigation of Movielink's system and the factual basis for USVO's infringement claims. (D.I. 139, Ex. U at 81-92, Ex. V at 73:22-74:21, 77:20-79:8; D.I. 176, Ex. B at 37:15-39:23.) Also, USVO's in-house counsel stated in his deposition that USVO based conclusions on public documents about Movielink (D.I. 139, Ex. V at 70:2-16, 77:20-79:8), but USVO produced no such documents in discovery (D.I. 175 at 8).

Third, in a letter dated August 31, 2004, USVO asked the court to compel additional discovery in the form of source code, supporting documentation, and additional depositions. (D.I. 95.)

Fourth, USVO's expert report dated September 25, 2004 did not include any analysis of infringement by the Big-Foot system. (D.I. 175 at 10.) USVO did not withdraw its claims against the Big-Foot system until after Movielink moved for summary judgment on October 25, 2004. See USA Video, 354 F. Supp. 2d at 515 n.6.

Fifth, in September 2002, a lawyer who later represented USVO in this litigation was quoted in a newspaper article discussing the '792 patent, saying USVO "would have some burden to show that modern data-driven systems are equivalent to the patent's telephone-switched systems." (D.I. 176, Ex. C.) According to the article, that lawyer also said that the patent refers to an old-fashioned telephone-switching network, and that seems to put Internet delivery of video beyond the literal terms of the patent. (Id.)

Sixth, USVO's expert did not address infringement under the doctrine of equivalents and said he was unfamiliar with the doctrine. (D.I. 176, Ex. A at 29:2-5.)

Based on these facts, Movielink seeks an award of attorneys' fees and costs from USVO, under 35 U.S.C. § 285, and, under 28 U.S.C. § 1927, from the law firm representing USVO.[4]

## III.   STANDARD OF REVIEW

### A.   Section 285

The patent statute provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[S]uch exceptional circumstances include . . . misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." *Bayer Aktiengesellschaft v. Duphar Int'l Research B.V.*, 738 F.2d 1237, 1242 (Fed. Cir. 1984) (citations omitted); *see also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1304 (Fed. Cir. 2004). The moving party must prove that the case is exceptional by clear and convincing evidence. *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273 (Fed. Cir. 2004). To show that a lawsuit was frivolous, the moving party must show that "the patentee knew or, on reasonable investigation, should have known [the suit] was baseless." *Id.* at 1273-74. If the moving party proves that the case is exceptional, the court must then decide whether an award of fees is appropriate. *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1328 (Fed. Cir. 2003).

---

[4]Movielink also mentions in passing the standard for awarding sanctions under the court's inherent power to defend the judicial process against abuse, but then seems to argue, incorrectly, that § 1927 is an example of inherent power. (D.I. 175 at 18-19.) To the extent that the Motion is based on the court's inherent power, it is untimely because it was filed after final judgment. *Prosser v. Prosser*, 186 F.3d 403, 405-06 (3d Cir. 1999). Likewise, to the extent Movielink intended to base its Motion on Federal Rule of Civil Procedure 11 (*see* D.I. 175 at 19 n.11), the Motion is untimely. *Id.* at 405.

B.  Section 1927

"Any attorney . . . who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[S]anctions [under § 1927] are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay." *LaSalle Nat'l Bank v. First Conn. Holding Group, L.L.C.*, 287 F.3d 279, 288 (3d Cir. 2002). "[C]ourts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice." *Id.* (quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)). "[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Id.* at 289. Such conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Id.* (quoting *Baker Indus. Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985)).

## IV.  DISCUSSION

Movielink contends that USVO's claims of infringement by the Big-Foot system and infringement under the doctrine of equivalents were frivolous, and, therefore, that this case is exceptional and that USVO and its attorneys acted in bad faith. Because the evidence fails to support those conclusions, I will deny the Motion.

A. <u>The Big-Foot System</u>

1. <u>Section 285</u>

When a "patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith." *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990). In *Eltech*, the district court awarded sanctions based on affirmative evidence that the patentee knew, more than a year before filing its amended complaint, that the accused infringer was using a noninfringing method, and that the patentee withheld a report that would apparently have confirmed that fact. *Eltech Sys. Corp. v. PPG Indus., Inc.*, 710 F. Supp. 622, 636-37 (W.D. La. 1988). By contrast, even when a patentee's pre-filing investigation is "not ideal," an award under § 285 is not appropriate when the conduct "does not rise to the level of bad faith litigation or gross negligence." *Q-Pharma, Inc. v. Andrew Jergens Corp.*, No. C01-1312P, 2002 U.S. Dist. LEXIS 27222, at *15 (W.D. Wash. Nov. 18, 2002), *aff'd Q-Pharma*, 360 F.3d 1295.

Here, Movielink asserts that USVO knew or should have known that the infringement claim against the Big-Foot system was baseless, making this an exceptional case under § 285. Movielink's conclusion is based on the following four allegations. First, in response to the February 10, 2004 interrogatory, which at that time referred to the Big-Foot system, "USVO intentionally skipped over the 'initiates connection' limitation." (D.I. 175 at 20-21.) Second, USVO witnesses asserted attorney-client privilege and work product protection when asked about USVO's pre-filing investigation or infringement position, showing either that no pre-filing investigation

7

occurred or that the investigation was unfavorable to USVO's position. (*Id.* at 23-25.) Third, on August 31, 2004, USVO "lacked any basis for alleging infringement," so it asked the court to require additional discovery in the form of source code, supporting documentation, and additional depositions. (*Id.* at 21.) Fourth, USVO presented no expert testimony on infringement by the Big-Foot system. (*Id.*) According to Movielink, these facts show that USVO never had a basis for asserting its patent against the Big-Foot system, making the suit frivolous and justifying a fee award under § 285.

Unlike the defendant in *Eltech*, Movielink has failed to show that USVO had no basis for its suit. Indeed, the factual record here is wholly inadequate to support the requested relief. On the first point, there is no support for Movielink's conclusion that USVO's interrogatory response was intentionally deficient or misleading. USVO's response fails to address every claim limitation, but this failure does not amount to clear and convincing evidence showing that USVO had no infringement theory and pursued the claim in bad faith.

Second, there is no evidence that the assertion of privilege by USVO witnesses was made in bad faith to cover for a lack of investigation or lack of an infringement theory. Movielink's argument at this late date that these witnesses improperly asserted attorney-client privilege (*id.* at 24) fails to address work product protection and, more importantly, simply fails to show that USVO lacked a basis for asserting infringement.

Third, USVO's discovery request shows only that it was still seeking evidence to support its case, not that it lacked any basis for alleging infringement.

Fourth, USVO concedes that it discovered in July 2004 that the Big-Foot system had been retired (D.I. 186 at ¶ 6), and so its decision not to include it in the infringement

8

analysis of September 25 does not show that it had no basis for asserting infringement in the first place. Rather it is consistent with USVO's assertion that the claim against a then-retired system was dropped for economic reasons. (D.I. 184 at 7.)

Thus, Movielink has failed to show that USVO had no basis for asserting its patent against the Big-Foot system when it filed suit.[5]

On a related issue, Movielink also contends that USVO's failure to drop the Big-Foot system claims until after Movielink's summary judgment motion, when USVO allegedly knew by July 2004 that the system was retired, is evidence that USVO maintained this lawsuit in bad faith. However, USVO's discovery that the Big-Foot system was retired did not signal the end of the infringement claim against that system. Movielink's argument that the claim needed to be dropped is based on its conclusion that there was no foundation for the claim when the suit was filed. USVO, though, offers the equally plausible argument that it simply came to believe that pursuing these claims had become economically unviable. Since Movielink has failed to show that USVO lacked a basis to assert infringement by the Big-Foot system, USVO's decision to drop those claims after learning that the system was no longer in use does not imply bad faith.

Therefore, I conclude that Movielink has failed to show that USVO's infringement case against the Big-Foot system was baseless, and an award under § 285 is not appropriate.

---

[5] As the moving party, Movielink's failure to support its assertions requires me to deny the Motion. I note that, as in *Q-Pharma*, 360 F.3d at 1301, USVO "flatly rebuts [Movielink's] argument" with declarations from its attorneys alleging substantial pre-filing investigation. (*See* D.I. 187 at ¶¶ 6-12; D.I. 188 at ¶¶ 4-11; D.I. 189 at ¶ 6.)

9

2. Section 1927

Movielink also contends that USVO's attorneys unreasonably multiplied proceedings in this case by asserting its patent against the Big-Foot system. However, for the same reasons that Movielink's § 285 claim fails, an award under § 1927 is not justified.[6]

B. Doctrine of Equivalents

1. Section 285

Movielink argues that USVO pursued infringement claims under the doctrine of equivalents without adequate pre-filing investigation. The argument is based on USVO's failure to respond to Movielink's prosecution history estoppel arguments on summary judgment, a USVO attorney's comments about the difficulties faced by USVO, and the lack of analysis of the doctrine of equivalents by USVO's infringement expert. However, these assertions do not show that USVO pursued a baseless claim.

First, Movielink asserts that USVO "ignored the narrowing amendments made during prosecution of the '792 patent" that ultimately led to USVO being estopped from asserting infringement under the doctrine of equivalents. (D.I. 175 at 25.) See USA Video, 354 F. Supp. 2d at 522. However, while USVO argued unsuccessfully that the parties could not adequately address the doctrine of equivalents until after the court issued a claim construction, there is no indication that it ignored the prosecution history

---

[6]USVO's argument that § 1927 applies only to individual attorneys and not to law firms conflicts with Third Circuit precedent, and so I address the merits of Movielink's assertions. See Baker Indus., 764 F.2d at 206-12 (affirming an award under § 1927 against a law firm).

that turned out to be dispositive. The fact that an argument fails does not make it baseless.

Second, the attorney comments to a reporter about the '792 patent were made more than six months before the complaint against Movielink was filed on April 10, 2003. (D.I. 187 at ¶ 4.) His views on the difficulty faced by USVO in asserting infringement under the doctrine of equivalents do not establish Movielink's conclusion that such a claim would be baseless.

Third, the absence of an analysis of infringement under the doctrine of equivalents in the September 25, 2004 expert report is consistent with USVO's argument, albeit an unsuccessful one, that the issue should be dealt with after the claims were construed. Again, while not successful, this argument fails to show that USVO pursued a baseless infringement theory.

Therefore, I conclude that Movielink has failed to demonstrate that USVO's infringement case under the doctrine of equivalents was baseless, and an award under § 285 is not appropriate.

   2. <u>Section 1927</u>

Based on the same factual allegations, Movielink contends that USVO's attorneys unreasonably multiplied proceedings in this case by asserting infringement under the doctrine of equivalents. Once more, the failure of proof as to the § 285 claim means that an award under § 1927 is also not justified.

## V. CONCLUSION

Accordingly, it is hereby ORDERED that the Motion for Partial Attorneys' Fees and Costs is DENIED.

_____
UNITED STATES DISTRICT JUDGE

December 13, 2005
Wilmington, Delaware